IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 5:22-cr-1 (MTT) |
| | : | |
| BRUCE HARRISON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER ON MOTION FOR RECONSIDERATION OF DETENTION

On February 27, 2022, Defendant Bruce Harrison appeared for an initial appearance and arraignment proceeding pursuant to Rule 5 of the Federal Rules of Criminal Procedure. On consideration of pretrial release, the Government withdrew its motion for detention and the Court entered an order setting conditions of release. Upon release, Defendant was returned to the custody of the Wilkinson County Sheriff's Office, where he was in custody facing state charges.

The Government has now renewed its motion for detention, noting that Defendant's state charges are "nearing resolution." (Doc. 268, p. 1). The Bail Reform Act does not authorize the Court to reopen detention proceedings in this situation. The Bail Reform Act authorizes the Court to reopen a detention hearing only if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person or the community." 18 U.S.C. § 3142(f). The Government has not identified any such information that was not known to the parties or the Court at the time the Court considered conditions of release. The Government also has not identified any violation of conditions of release to warrant revocation under 18 U.S.C. § 3148. The Government's Renewed Motion for Detention (Doc. 268) is therefore **DENIED**.

Upon review, it appears that the original Order Setting Conditions of Release inadvertently omitted a requirement that Defendant participate in substance abuse treatment if directed. Accordingly, the Order Setting Conditions of Release is hereby **MODIFIED** to include the requirement that the Defendant participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer. All other conditions set forth in the Order Setting Conditions of Release (Doc. 213) shall remain in effect.

**SO ORDERED**, this the 6th day of April, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge